Brookhaven Lumber & Mfg. Co. *v.* Posey.

[76 South. 731, Division B.]

Principal and Agent. *Relation. Contract of hiring.*

Under the facts as set out in its opinion, the court held that the evidence was not sufficient to show that one employed by a mill to get logs out of the woods, had any authority real or apparent to make contracts of hiring with cutters or to change or modify contracts.

Appeal from the circuit court of Forest county.

Hon. Paul B. Johnson, Judge.

Suit by Rufus Posey against the Brookhaven Lumber & Manufacturing Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Hannah & Foote*, for appellant.

*R. S. Hall*, for appellee.

COOK, P. J., delivered the opinion of the court.

The plaintiff below, appellee here, began this suit against the appellant under chapter 131, Laws 1908, upon the theory that he was a "laborer or employee" of appellant, which was denied by appellant's plea. So that the question is, Does the evidence taken at the trial show that appellee was, in fact, a "laborer or employee" of appellant?

To begin with, it will be noted that the suit was brought against the appellant and one J. C. Moody, jointly. We gather from the evidence offered by the plaintiff that one J. C. Moody had contracted with the Brookhaven Lumber Company to cut and deliver logs to the lumber company at a stipulated price; that appellee contracted with Moody to cut a part of these logs, but after he had begun the cutting, his laborers, on account of Moody's reputation as a paymaster, refused to continue the work. Thereupon appellee went to Mr. Batson, the "woods foreman" of the appellant lumber company, and explained the situation to him. Appellee testified that Mr Batson, after appellee had stated the situation, said to him, "You go ahead and you will not lose anything," whereupon he told his employees what Mr. Batson had said, and acting upon this assurance he and his employees cut the logs at the agreed price of forty cents per thousand, and they were delivered to the lumber company and by it manufactured into lumber.

Mr. Batson denied that he had ever had the alleged conversation with Mr. Posey or his employees, and upon this controverted contract there was a sharp conflict in the evidence. The lumber company pleaded that Mr. Batson had no authority to make this contract, and if he did make the contract as stated, the company was not

bound by it, for, at most, it was a verbal promise to pay the debt, default or miscarriage of another. We think that the evidence conclusively establishes a lack of authority in Batson to make the contract he is alleged to have made for the lumber company.

The evidence shows that Mr. Batson was employed to get the logs out of the woods and to the mill, but he some times delivered written specifications provided by the agent of the company who had charge of the contracts. It expressly appears that Mr. Batson was not authorized to make contracts with cutters, or to change or modify contracts already made by the contracting authorities of the lumber company. It nowhere appears that the lumber company had ratified any contracts made by Batson, or that they had in any way clothed him with the apparent authority to make contracts for it. The evidence not only fails to prove that Batson had any authority, real or apparent, to make the contract he is alleged to have made, but the evidence does affirmatively show that Batson did not have authority to bind the company, if he, in fact, assumed to do so.

The fact that the suit was brought against the lumber company and Moody jointly is somewhat significant. It seems that the suit was to recover from Moody, as principal, and against the lumber company, as surety or guarantor, which would imply uncertainty upon the part of the pleader as to who was liable, or at least as to whether the lumber company was primarily liable. However that may be, we rest our decision upon plaintiff's failure to establish that Mr. Batson was authorized to bind appellant, and upon the positive evidence to the contrary.

*Reversed and dismissed.*